IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ERICA NICOLE FOMBY,

    Plaintiff,

vs.                                          Case No. 1:25-cv-297-MW-MAF

UNIVERSITY OF FLORIDA
ATHLETICS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and in forma pauperis, initiated this action by filing a civil rights complaint on September 22, 2025 alleging various claims related to workplace safety and negligence. ECF No. 1. The Court ordered Plaintiff to amend her complaint due to multiple issues. ECF No. 4. Plaintiff has now submitted an amended complaint (hereinafter "complaint"). ECF No. 5. The Court has reviewed the complaint as required by 28 U.S.C § 1915(e)(2)(B) and construed it liberally. Because Plaintiff fails to state a claim and any further amendment would be futile, this case should be dismissed.

I.     **Allegations of the Complaint, ECF No. 5**

Plaintiff sues University of Florida Athletics ("UF"), her former employer, in its official capacity. ECF No. 5 at 3. Plaintiff resigned from her

unspecified position at "UF Softball" in February 2018 due to injuries she sustained on the job. Id. at 4. Plaintiff claims these injuries were caused by an "unsafe" and "outdated" entry/exit gate. Id. The gate had "unsafe instructions to climb up [and] jump in to enter." Id. This resulted in Plaintiff "falling 6-8 feet." Id. Plaintiff brings claims under the Fourteenth Amendment (Equal Protection and Due Process), Thirteenth Amendment ("performing dangerous labor"), and "federal statutory violations under OSHA, ADA, or Rehabilitation Act."[1] Id. at 6. Plaintiff does not allege she was discriminated against in any way, only that the unsafe conditions caused her to become physically disabled. See Id. at 4-5. She seeks disability benefits and $750,000 in damages. Id.

## II. Discussion

The Court is required to review complaints filed by plaintiffs proceeding in forma pauperis. 28 U.S.C § 1915(e)(2)(B). Dismissal is required for a complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary damages from a Defendant who is immune. Id.; see also Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir.

---

[1] Plaintiff also lists "occupational labor organization (ILO) conventions" under her statement of claims. ECF No. 5 at 6. The ILO is an agency within the United Nations that issues declarations regarding labor standards. *International Labour Organization*, "About the ILO," <https://www.ilo.org/about-ilo>. It is not a justiciable legal claim.

1:25-cv-297-MW-MAF

2018). Rule 12(b)(6) standards apply in reviewing the sufficiency of claims under § 1915. See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

Plaintiff's claims against UF are barred for several reasons. First, even assuming Plaintiff has stated (or could state) sufficient facts to support her claims, all are time-barred. The Court previously explained this issue to Plaintiff when it reviewed her original complaint. See ECF No. 4 at 2. The statute of limitations governing § 1983 claims arising in Florida is four years. Ellison v. Lester, 275 Fed. App'x 900, 901-02 (11th Cir. 2008); Chappell v. Rich, 340 F.3d 1279, 1283 (11th Cir. 2003); see also Fla. Stat. § 95.11(3). The same is true for ADA and RA claims. See Silva v. Baptist Health S. Fla., Inc., 856 F.3d 824, 841 (11th Cir. 2017). Such an action must be initiated within four years of the date Plaintiff "has a complete and present cause of action." Heard v. Publix Supermarkets, Inc., 808 F. App'x 904, 907 (11th Cir. 2020) (internal quotations omitted).

Plaintiff's original complaint included exhibits showing her alleged accident and resulting injuries occurred in 2017. See ECF No. 1-1 at 34, 35, 41, 50. Plaintiff's amended complaint only claims she resigned in February 2018 due to her injuries caused by the fall. ECF No. 5 at 4. Whether Plaintiff had a complete cause of action in 2017 or 2018, the four-year statute of limitations expired years ago in either 2021 or 2022. Plaintiff did not file her

complaint until September 2025. See ECF No. 1. Her claims are barred.

There are at least two other bars to Plaintiff's claims. Because the statute of limitations issue is dispositive, the Court will not discuss either in great detail. UF is a state university and is entitled to Eleventh Amendment immunity from suits seeking monetary damages in federal court. See Page v. Hicks, 773 F. App'x 514, 517–18 (11th Cir. 2019), citing Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985); see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). No exceptions to this immunity are present here.[2] Additionally, there is no private cause of action under OSHA. Brown v. McMillon, No. 24-13169, 2025 WL 2374197, at *4 (11th Cir. Aug. 15, 2025), citing Jeter v. St. Regis Paper Co., 507 F.2d 973, 977 (5th Cir. 1975).

Finally, even if Plaintiff's complaint could be construed as a negligence claim, there is no basis for federal jurisdiction. See Menendez v. Keefe Supply Co., 235 F. App'x 737, 739–40 (11th Cir. 2007) (negligence claim "not cognizable under § 1983"). "[T]he Constitution does not guarantee due care on the part of state officials." Sacramento v. Lewis, 523 U.S. 833, 849 (1998). While Plaintiff is free to raise any state law claims in the appropriate state

---

[2] Plaintiff does include the ADA and RA in her statement of claims, which are not shielded by the Eleventh Amendment. But as discussed earlier, she provides no factual support for either claim. Her stated facts relate only to unsafe conditions *causing* a disability, not discrimination *based on* a disability. Plaintiff fails to state a claim under the ADA and RA.

court forum, the relevant limitations period has likely run. See Fla. Stat. § 95.11(3). Plaintiff is in the process of requesting reconsideration of the denial of her application for Social Security Disability Benefits. ECF No. 1-1 at 41. To the extent she exhausts the reconsideration and hearing process, she is free to seek a timely appeal of the decision as provided in 42 U.S.C § 405(g).

Plaintiff was given an opportunity to amend her complaint. ECF No. 4. Her amended complaint still fails to state a claim. Plaintiff's claims are either time-barred, not cognizable in federal court, or barred by the Eleventh Amendment. Any further amendment would be futile. See Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

### III.   Recommendation

For the reasons discussed, it is respectfully **RECOMMENDED** that this action be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C § 1915(e)(2)(b)(ii)-(iii).

**IN CHAMBERS** at Tallahassee, Florida on October 16, 2025.

s/ Martin A. Fitzpatrick
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## **<u>NOTICE TO THE PARTIES</u>**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).